IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50411
Summary Calendar
_____


SHANE EDWARD DROUSCHE,

                                    Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

                                    Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-99-CV-593-SS
--------------------
March 25, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Shane Edward Drousche, Texas prisoner # 750819, appeals from
the district court's denial of his 28 U.S.C. § 2254 petition for
writ of habeas corpus in which he challenges his conviction for
murder.    Drousche argues that his trial counsel, Lawrence
Schaubhut, was burdened by unconstitutional conflicts of interest
which adversely affected his representation because he did not call
as witnesses Beth Pearson, Scott Pearson, and Michelle Pearson.
Drousche asserts that the Pearsons were former or current clients

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

of Schaubhut at the time of trial, and they could have impeached the state's eye witness, Michael Dear-Kelly, by testifying that Dear-Kelly told them he was too drunk on the night of Drousche's fight with the victim, C.W. Dean, to know what happened or to remember the events of the fight the next day. The district court granted Drousche a certificate of appealability on this issue, and we now affirm.

The respondent contends that Drousche failed to exhaust his factual allegations in state court because the state habeas court refused to consider two supporting exhibits upon which Drousche relies. Assuming, without deciding, that Drousche failed to properly present the exhibits to the state court or exhaust his claims based on the exhibits, we may affirm the denial of habeas relief on the merits. See 28 U.S.C. § 2254(b)(2).

Drousche argues that Schaubhut referred to all three of the Pearsons as his clients and that because of an actual conflict we must presume prejudice. Prejudice is presumed if it is shown that an attorney's actual conflict of interest adversely affected his performance. See Cuyler v. Sullivan, 446 U.S. 335, 348 (1980). The presumed prejudice standard applies to cases involving multiple representation. Perillo v. Johnson, 205 F.3d 775, 797 (5th Cir. 2000). We conclude based on the record that only Beth Pearson was Schaubhut's former client, having been represented by him in a divorce action 25 years prior to trial. We conclude that Drousche has failed to show an actual conflict involving Beth Pearson or that such a conflict adversely affected Schaubhut's representation of Drousche. Id. at 781-82. An affidavit from Dear-Kelly executed

in 1999 reveals that on the day after Drousche's fight with Dean, Dear-Kelly spoke with Scott Pearson, not Beth Pearson, about his intoxication.

With respect to Scott and Michelle Pearson, Drousche must show both that Schaubhut rendered deficient performance and that the deficient performance prejudiced his case. Strickland v. Washington, 466 U.S. 668, 697 (1984). We conclude that Drousche has failed to show that Schaubhut rendered deficient performance or that there is a reasonable probability that but for Schaubhut's failure to call Scott or Michelle Pearson to impeach Dear-Kelly, the result of his trial would have been different. Id. at 694. The record shows that Dear-Kelly admitted in his testimony that he was drunk and that Schaubhut cross-examined Dear-Kelly about his intoxication. Dear-Kelly's 1999 affidavit does not state that he told Scott Pearson that he was so drunk that he could not see the fight or remember its details. The affidavit also does not state that Dear-Kelly's trial testimony was incorrect or inaccurate. Finally, in addition to testimony from Dear-Kelly, the jury had a written confession from Drousche describing the brutal nature of the assault and medical evidence showing that the cause of death was a combination of blows as a result of being hit and kicked in the face and head.

The district court's judgment is AFFIRMED.